UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULUGBEK MAMATKULOV,

Petitioner,

-v-

HAYNES, et al.,

Respondents.

26-CV-00377 (JAV)

ORDER TO ANSWER, 28 U.S.C. § 2241

JEANNETTE A. VARGAS, United States District Judge:

Petitioner Ulugbek Mamatkulov has, through next friend Yuri Hovhannisyan, filed a

Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241 because Petitioner was detained by

Immigration and Customs Enforcement ("ICE").  *See* ECF No. 1 ("Petition" or "Pet.") at 2.

The Court, having examined the Petition, hereby ORDERS that, to preserve the Court's

jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United

States absent further order of this Court.  *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025

WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States*

*Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24,

2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting

individuals if it preserves the court's jurisdiction over a case or cases.").

**Moreover, in light of Petitioner's interests in participating in further proceedings**

**before this Court and to facilitate resolution of the Petition, Respondents shall not transfer**

**Petitioner except to a facility within this District, the Eastern District of New York, or the**

**District of New Jersey absent further order of this Court.**  *See, e.g.*, *Perez y Perez v. Noem*,

No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a

*habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g., Arostegui-*

*Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo.

Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9,

*11 (N.D. Cal. Sept. 18, 2025) (same).

Within **two business days of the date of this Order**, Respondents shall file a letter with

the following information:

a.  whether Petitioner was, as the Petition alleges, *see* Pet., ¶ 1, located in the
    Southern District of New York at the time that the Petition was filed and, if not,
    what District Petitioner was in at the time of filing and whether the Petition
    should be immediately transferred to that District, *see, e.g., Öztürk v. Hyde*, 136
    F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y.
    2025);

b.  Petitioner's A-number, current place of detention, and a contact person who can
    facilitate counsel's access to Petitioner;

c.  confirmation that ICE has been provided with a copy of this Order;

d.  the statutory provision(s) under which Respondents assert the authority to detain
    Petitioner;

e.  If the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A),
    whether there is any basis to distinguish this case from *Mcdonald v. Francis*, 25-
    CV-9355 (JAV). If not, whether Respondents would consent to issuance of the
    writ—subject to preservation of Respondents' arguments for appeal. If there is a
    basis to distinguish, whether Respondents waive the right to submit an answer and
    consent to issuance of the writ subject to preservation of Respondents' arguments
    for appeal.

f.  a copy of any final order of removal; and

g.  any information regarding the procedural posture of any pending Department of
    Homeland Security or Executive Office for Immigration Review proceedings.

Unless and until the Court orders otherwise, Respondents shall file an answer to the

Petition within **three business days of the date of this Order**, and Petitioner shall file any reply

2

within **ten business days of the date of this Order**.

The parties shall appear for a case management conference with the Court on **Thursday, January 22, 2026**, at **11:00 a.m**. The conference will be held via Microsoft TEAMS at the following link: https://teams.microsoft.com/l/meetup-join/19%3ameeting_M2M5YTJkMjUtNjg0NC00ZmQ0LWE3YWQtZGQ3ODhlYThhOGZh%40thread.v2/0?context=%7b%22Tid%22%3a%221d66f037-8266-4d1c-919c-67c6543d3542%22%2c%22Oid%22%3a%2232432cb3-9c18-4150-9992-4f0a594dba15%22%7d. (Meeting ID: 237 755 000 293 53, Passcode: vR3mk2GP).

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

### CONCLUSION

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and Yuri Hovhannisyan at the addresses listed on the docket sheet for this action. Yuri Hovhannisyan may

receive court documents by email by completing the form, Consent to Electronic Service, which is attached.[1]

SO ORDERED.

Dated:    January 15, 2026
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

---

[1] For more information about consenting to electronic service, please review the court's Instructions. If Ulugbek Mamatkulov consents to receive documents by email, Ulugbek Mamatkulov will no longer receive court documents by regular mail.